```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIGI GIROTTO,

                Plaintiff,

-against-

HASTENS BEDS, INC., et al.,

                Defendants.

24-CV-02552 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On April 3, 2024, Plaintiff Luigi Girotto commenced this action. On July 19, 2024, Plaintiff filed the Second Amended Complaint, which named Defendant Martin Bondell for the first time.[1] On February 12, 2025, Defendant Bondell moved to dismiss the Second Amended Complaint for failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court GRANTS IN PART Defendant Bondell's motion to dismiss.[2]

      Rule 4(m) provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See* Fed. R. Civ. P. 4(m). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93-cv-07170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Therefore, "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Id.* (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).

      Throughout the pendency of this action, Plaintiff has repeatedly made untimely requests and untimely filings with respect to service of Defendant Bondell. On September 3, 2024, Plaintiff moved for leave to serve Defendant Bondell by alternative means, specifically by mail.

---

[1] As discussed in the Court's July 23, 2024 Order (Dkt. No. 24), the Court accepted the Second Amended Complaint, even though it was belatedly filed by Plaintiff.

[2] Mr. Bamberger, counsel for Defendant VRT Ventures LLC, entered a special appearance on behalf of Defendant Bondell. In so doing, Defendant Bondell has not waived its arguments as to the propriety of service. *See generally Harkness v. Hyde*, 98 U.S. 476 (1878) (holding a special appearance to contest the propriety of service of process will not be a waiver of such an objection).

Dkt. No. 34. On September 9, 2024, the Court denied Plaintiff's request. Dkt. No. 35. Pursuant to Rule 4(m), the time for Plaintiff to serve Defendant Bondell elapsed on October 17, 2024.

On October 28, 2024, the Court ordered Plaintiff to file proof of service of Defendant Bondell, no later than November 12, 2024, warning that, should Plaintiff fail to file such proof, Defendant Bondell would be dismissed with prejudice without further notice to any party. Dkt. No. 37. On November 13, 2024, Plaintiff filed an untimely request to extend his time to serve Defendant Bondell, and renewed his request to serve by alternative means. Dkt. No. 38. The Court extended Plaintiff's time to file proof of service or a waiver of service for Defendant Bondell to December 4, 2024, but again denied Plaintiff's request to serve by alternative means. Dkt. No. 39. The Court, again, warned Plaintiff that failure to timely file proof of service or a waiver of service would result in a dismissal of Defendant Bondell without further notice to any party.

Finally, on December 5, 2024, Plaintiff untimely filed an affidavit of service indicating that Defendant Bondell was served by first class USPS mail, which does not satisfy Rule 4's requirements for effective service of a summons and was expressly denied in the Court's prior orders. Dkt. No. 40.

In addition to the repeated failures to comply with Court orders, as outlined above, it also bears noting that on multiple occasions of missed deadlines, the subsequent filing appears to have been prompted solely by the Court directing its staff to reach out to Plaintiff's counsel to remind them of the missed deadline—an act of mercy and professional grace to which counsel has no entitlement. In none of these occasions was adequate justification offered for the failure to comply. Based on all of the foregoing, the Court finds that Plaintiff has not effectively and timely served Defendant Bondell, and has repeatedly and without justification failed to comply with Court orders regarding such service, and accordingly hereby DISMISSES Defendant Bondell from this action WITHOUT PREJUDICE.

All other dates and deadlines, including the Initial Pretrial Conference scheduled for Tuesday, March 4, 2025, at 9:30 a.m., shall remain in effect with respect to Defendant VRT Ventures LLC. It is further ORDERED that, at the March 4 conference, Plaintiff show cause why sanctions of $500 in attorney's fees should not be entered against him for failure to comply with the Court's orders, which required Defendant Bondell to make the instant motion.

The Clerk of Court is respectfully directed to terminate Dkt. No. 47.

Dated: February 14, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2